PER CURIAM.
 

 Nicolas Matos seeks a belated appeal of the trial court’s denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief.
 
 See
 
 Fla. R. App. P. 9.141(c). We grant the petition. This opinion shall be filed in the lower court and treated as a notice of appeal of the order denying Matos’s 3.850 motion. For the reasons explained below, we also order that our clerk send a certified copy of this opinion to the appropriate correctional facility within the Department of Corrections pursuant to section 944.279, Florida Statutes, and 'direct that the Department consider levying sanctions against Matos pursuant to that statute.
 

 On December 10, 2010, the trial court entered an order denying Matos’s rule 3.850 motion. In his petition for belated appeal, Matos asserted that the denial order was not mailed to him until December 21, 2010. He also alleged that the trial court mailed the order to the Central Florida Reception Center, instead of Hardee Correctional Institution where he was located. He alleged that he was transferred from Hardee Correctional Institution to a Kendall, Florida medical facility to address his “ongoing medical issues” — and that he did not receive the trial court’s denial order until January 27, 2011, after being transferred back to Hardee Correctional Institution and well after the deadline for filing a notice of appeal. Matos’s allegation that he did not receive the denial order until January 27, 2011, is not true.
 

 As found by the trial court, acting as a commissioner in connection with our consideration of this petition, Matos actually received the order in December 2010, before the deadline for appeal. At the evi-dentiary hearing, Matos himself ultimately testified that he received the trial court’s order “a week or two after the court’s ruling.”
 
 [1]
 
 In other words, Matos “knowingly or with reckless disregard for the truth brought false information or evidence before the court” when he alleged in the petition for belated appeal that the order was not delivered to him until January 27, 2011. Based upon this false representation, Matos should be sanctioned. § 944.279, Fla. Stat. (2010).
 

 Nevertheless, the State indicated in the lower court that it does not object to granting Matos a belated appeal in light of the fact that Matos was hospitalized between the date he received the order and the deadline for filing a notice of appeal. Based upon the State’s agreement, we grant the petition for belated appeal.
 

 PETITION FOR BELATED APPEAL GRANTED; ORDERED THAT COPY OF OPINION BE SENT TO CORRECTIONAL INSTITUTION FOR CONSIDERATION OF SANCTIONS.
 

 TORPY, LAWSON, and EVANDER, JJ., concur.
 

 [1]
 

 . Matos’ testimony at the hearing came only after the Department of Corrections produced sworn testimony from the corrections officer who personally delivered Matos' service copy of the order to him at Florida Hospital in Lake Placid, Florida, on December 27, 2010, before Matos was returned to Hardee Correctional Institution and before the deadline for filing a notice of appeal.